CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 02 2017

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CARLA COOK MAJURE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-cv-00033 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PRIMLAND, LTD., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

    This matter is before the Court on Defendant Primland, Ltd.'s Motion to Dismiss. [ECF No. 9.] Plaintiff Carla Cook Majure filed a response, and Primland filed its reply. Since that time, Plaintiff has secured counsel and is no longer proceeding *pro se*. All of her briefing, however, was completed without the assistance of counsel, and her Complaint is properly considered a *pro se* pleading. After considering the pleadings and arguments of the parties, Primland's motion to dismiss will be denied.

### I.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

    Plaintiff Carla Majure ("Plaintiff") applied for the position of Spa Manager with Defendant Primland, LTD ("Primland"). During the interview process, Plaintiff was advised that the general manager of Primland, Mara Bouvier,[2] had assigned the position of interim spa manager to a young male with no prior management experience. Bouvier stated to Plaintiff that she desired a male for the position, "because she [Bouvier] felt a male could better control the mostly female staff."

---

[1] The facts are taken from Plaintiff's *pro se* Complaint [ECF No. 1]. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[2] Certain factual enhancements, such as the names of the relevant parties, have been gleaned from the parties' briefs. In order to limit consideration only to the factual allegations in the Complaint, as required for consideration under Rule 12(b)(6), no material fact (asserted by either party) is included.

After five interviews, Plaintiff received an offer of employment from Bouvier "with a salary lower than the stated salary range." Plaintiff was also advised that the offer "included greater demands on [her] than on others with more supervision planned for [her] than others." The Director of Human Resources, Penny Morgan, told Plaintiff that Bouvier did not want to hire Plaintiff, but that Bouvier was being pressured by Primland's owners to fill the position. Morgan also advised Plaintiff that, if she accepted the position, Bouvier "would apply unreasonable demands so that [Plaintiff] would leave." Morgan asserted that Bouvier had done this to the previous female spa manager.

Ultimately, Plaintiff declined the job offer. The position was filled by a male with less experience. He was hired at a higher salary and "without the unequal terms and conditions of employment" that Plaintiff maintains were contained in her job offer.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received her Dismissal and Notice of Rights on February 14, 2017. She filed her Complaint in this court on May 16, 2017. On August 29, 2017, Primland filed a Motion to Dismiss pursuant to Rule 12(b)(6).

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Because Plaintiff is proceeding *pro se*, her Complaint, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Courts must allow a *pro se* complaint to go forward where the complaint is broad and contains a 'potentially cognizable claim' that the plaintiff can later particularize," Peck v. Merletti, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999).

### III.  DISCUSSION

Before discussing the specifics of my ruling, I note that both parties have improperly injected additional facts into consideration of this motion. Plaintiff, who is proceeding *pro se*, was likely unaware that her factual enhancements were improper; Primland should have known better. The error is compounded by Primland's statement (in its reply) that Plaintiff's factual assertions were improper after including its own in its opening brief. The rules are quite clear: a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), is limited to the facts alleged in the Complaint. I would be within my rights to refuse to rule on Primland's motion at this point, see Fed. R. Civ. P. 12(d), but I will exclude both sides' improper factual matters and rule on the motion.

Plaintiff's form Complaint[3] appears to assert two claims: "[F]ailure to hire me" and "[u]nequal terms and conditions of my employment." At oral argument, Plaintiff stated that her allegations are not two separate claims, but rather are both elements of a single failure-to-hire claim. As a result, her Complaint will be construed as asserting a single claim of discriminatory failure-to-hire against Primland.

At this early stage, in order to state a claim for discriminatory failure-to-hire, Plaintiff "is required to allege sufficient facts to establish a plausible basis for believing that she was [not hired] '*because of* [her] gender.'" Bradley v. United Parcel Serv., Inc., No. 3:15-cv-4734, 2016 WL 1521559, at *8 (D.S.C. Mar. 10, 2016) (citing McCleary-Evans v. Md. Dept. of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015)) (Report and Recommendation), adopted by 2016 WL 1448484 (Apr. 13, 2016). She is not required to plead every element of the cause of action. "'[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive a motion to dismiss,' because '[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement,' that may require demonstrating more elements than are otherwise required to state a claim for relief." McCleary-Evans, 780 F.3d at 584 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510–15 (2002)).

While it is true that Plaintiff's Complaint is short on the facts, that is most likely attributable to her *pro se* status and the admonition on the court's sample complaint to "state [her claim] as briefly as possible . . . ." "Courts must allow a *pro se* complaint to go forward where the complaint is broad and contains a 'potentially cognizable claim' that the plaintiff can later particularize," Peck v. Merletti, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999). Here, Plaintiff has shown an ability and willingness to particularize her Complaint by reciting over ten pages of

---

[3] The form Complaint also advises Plaintiff to "[s]tate as briefly as possible the facts," an admonition which may account for her less than fulsome factual recitation.

- 4 -

factual allegations. While they cannot be considered on a motion to dismiss, it is worth noting that she can marshal her facts when needed.

Turning to her actual allegations, Plaintiff has alleged a case of direct discrimination. According to Plaintiff, the General Manager, Mara Bouvier, expressed to Plaintiff that Bouvier "would like a male in the role of Spa Manager because [Bouvier] felt a male could better control the mostly female staff." The Director of Human Resources also advised Plaintiff that Bouvier "preferred hiring younger, less experienced staff."

Although it is true that Plaintiff received a job offer, she alleges the offer was not in line with the advertised salary range, and that additional demands were placed on Plaintiff than had been placed on previous spa managers. When Plaintiff rejected the offer, a younger, less experienced male was hired "at a higher salary and without the unequal terms" that were to be imposed on Plaintiff. Those facts, accepted as true, can support the conclusion that Plaintiff was not hired "because of her gender." In fact, that is exactly what Plaintiff alleged Bouvier told her.

Primland makes the admittedly appealing argument that Plaintiff's claim cannot lie because she was, in fact, offered employment. If that is so, it argues, how can she claim she was not hired because of her gender, when the reason she was not hired was because she refused Primland's offer?

It is accepted that one need not actually *apply* for a job in order to state a claim for discriminatory failure to hire. See, e.g., Internat'l Broth. of Teamsters v. United States, 431 U.S. 324, 368 (1977) (originating the "futile gesture" doctrine); Pinchback v. Armistead Homes Corp., 907 F.2d 1447, 1451 (4th Cir. 1990); United States v. Gregory, 871 F.2d 1239, 1242 (4th Cir. 1989). If one need not apply, then it follows that, in certain circumstances, one need not accept an offer. Just as a plaintiff is not required to subject herself "to the humiliation of explicit

and certain rejection" by engaging in the "futile gesture of formally applying for the position" and being rejected for it, see Gregory, 871 F.2d at 1242, neither should Plaintiff be required to accept an offer meant to demean and demoralize her and subject herself to overbearing demands while waiting to be fired so as to permit her to file suit.

Consider, for example, a hypothetical female neurosurgeon who applies for a position. She is offered the job, but at minimum wage. Quite reasonably, she turns down the offer. A male is then hired at $500,000.00 per year. Can it really be argued that the job offer makes a discriminatory failure-to-hire case untenable? I think even Primland would say "no."

Moreover, sanctioning Primland's argument creates the perverse incentive to employers to craft sham offers knowing an applicant cannot or will not accept. Then, having offered employment, they have immunized themselves against claims of discriminatory failure-to-hire. There is no such immunity in the law, and I decline to create one here. Rather, on the facts, a jury or the court should determine whether the offer was made in good faith or as a pretext to cover for the employer's discriminatory motive.

On the whole, despite the scant factual assertions, Plaintiff has alleged a claim of direct discrimination. On her failure-to-hire claim, Primland's motion to dismiss should be denied.

Primland mistakenly relies on McCleary-Evans in support of its contention that Plaintiff's Complaint is nothing more than "naked conclusions." Unlike the plaintiff in McCleary-Evans, Plaintiff has alleged direct discrimination based on Bouvier's statements to both her and Penny Morgan. She does not need to rely on conclusory statements about motivations, because Plaintiff has alleged that Bouvier *said* she wanted a male in the position.

Likewise, Plaintiff's Complaint alleges more than "stray remarks" about gender. See Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989). Rather than alleging that Bouvier said

that men can control the female staff better, Plaintiff alleges Bouvier said she *wanted a male in the position* because men can control the female staff better. That is a vital distinction that is sufficient to survive a motion to dismiss.

## IV. CONCLUSION

Plaintiff has sufficiently alleged that she was not hired at Primland "because of her gender." That is sufficient for her discriminatory failure-to-hire claim to proceed. The fact that she refused Primland's job offer is not grounds to dismiss her Complaint at this stage.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 2nd day of November, 2017.

                                                   s/Jackson L. Kiser
                                                   SENIOR UNITED STATES DISTRICT JUDGE